IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HASINA AKILA HAKEM BEY,                    )
                                            )
                  Plaintiff,                )        No.  10 C 6902
         v.                                 )
                                            )        Judge Robert W. Gettleman
COOK COUNTY, Successor to the Health        )
and Hospitals Governing Commission of       )
Cook County a/k/a JOHN H. STROGER, JR.,     )
HOSPITAL OF COOK COUNTY,                     )
                                            )
                  Defendant.                )

## MEMORANDUM OPINION AND ORDER

Plaintiff Hasina Akila Hakem Bey filed a one-count complaint alleging that defendant
Cook County discriminated against her based on her national origin and religion in violation of
Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq.
(Plaintiff might also be attempting to allege retaliation, as indicated by the allegation in the facts
section of her complaint that defendant's actions "were in retaliation for Plaintiff's filing of the
original Complaint for Discrimination with the Illinois Department of Human Rights ["IDHR"]."
She also asserts in Count I, without further elaboration, that "[d]efendants have violated [her]
rights under the First Amendment.")  Defendant Cook County has filed the instant motion for
summary judgment pursuant to Fed. R. Civ. P. 56, contending that no genuine issue of material
fact exists and that defendant is entitled to judgment as a matter of law.  Defendant further
contends that plaintiff's claims should be dismissed for failure to exhaust administrative
remedies.  Because plaintiff has failed to establish that she complied with Title VII's
administrative exhaustion requirement, the court dismisses this case for lack of jurisdiction.

To file a Title VII lawsuit, a plaintiff must first file her charges with the Equal Employment Opportunity Commission ("EEOC"), and then must receive a right to sue letter from the EEOC.  See 42 U.S.C. § 2000e-5; Conner v. Ill. Dep't of Natural Res., 413 F.3d 675, 680 (7th Cir. 2005) (citation omitted).  As the Seventh Circuit has held, "Title VII's requirement that the plaintiff exhaust the administrative remedies provided by the statute is jurisdictional"—"not because requirements of exhausting administrative remedies are always jurisdictional," but because of "Title VII's strong policy of encouraging conciliation, and of giving states that have anti-discrimination laws a chance to deal with discrimination before federal intervention."  Bullard v. Sercon Corp., 846 F.2d 463, 468 (7th Cir. 1988).  Thus, because defendant has challenged the court's subject matter jurisdiction, plaintiff bears the burden of establishing jurisdiction, Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992), and must support her allegations of jurisdiction with competent proof.  Kontos v. U.S. Dep't of Labor, 826 F.2d 573, 576 (7th Cir.1987).

Plaintiff has not made sufficient allegations to establish that she has exhausted her administrative remedies with the EEOC, nor has she offered proof that would allow the court to conclude that she has done so.  Her complaint alleges only that, on January 15, 2009, she "went to the Illinois Department of Human Rights and filed a Complaint for Discrimination." Defendant does not dispute that plaintiff did so.  In fact, defendant has provided the court with a copy of that document, as well as a copy of plaintiff's February 2009 IDHR charge alleging retaliation, which the complaint does not mention.  Nor does plaintiff's complaint allege that her IDHR charge was cross-filed with the EEOC or that plaintiff separately filed EEOC charges.  It would be difficult for plaintiff to allege the former, because the IDHR charges do not indicate

that they were cross-filed; the IDHR box is checked, but the EEOC box is not—and plaintiff did not sign or check the box indicating that "I also want this charge filed with the EEOC." If the latter is the case, plaintiff has failed to provide the court with a copy of any separately filed EEOC charge.

Plaintiff's Local Rule 56.1 response to defendant's statement of facts asserts—improperly, in the form of disputing a statement of fact by adding additional, irrelevant information, and in lieu of filing a statement of additional facts as Local Rule 56.1(b)(3)(C) instructs—that she "filed harassment charges with the EEOC and IL Dept. of Human Rights" on January 15, 2009. But her proffered evidentiary support is a page from her deposition transcript that does not, in fact, support this assertion. On the cited page, plaintiff was asked: "You filed your complaint for discrimination on January 15 of 2009, right?" She answered, "Yes." But the preceding question ("Directing your attention to Paragraph 14 of your complaint [in the instant lawsuit], if you could take a minute to look at that. That states that all of Cecil Marchand's actions on January 22nd or 2009 were in retaliation for your filing of a complaint for discrimination with the Illinois Department of Human Rights; is that accurate?") makes clear that the January 15, 2009, "complaint" is the one filed with the IDHR, not the EEOC. Plaintiff was not asked whether she filed a charge with the EEOC, or whether it was her impression that her IDHR charge had been cross-filed with the EEOC. She has pointed to nothing in her deposition, or in any other part of the record, mentioning a charge filed with the EEOC. Nor has the court, in its review of the record, located any indication that plaintiff filed an EEOC charge.

Even if the record did show that plaintiff filed an EEOC charge, no evidence indicates that plaintiff received a right to sue letter. In her response to the instant motion, plaintiff claims

3

that "due to some unknowable administrative issues at the U.S. Department of Justice, repeated requests were made by Plaintiff that a Right to Sue letter was needed in a timely manner on behalf of the EEOC." Plaintiff asserts that "[t]he issue was resolved" and the "previous ASA" acknowledged receiving the "proper paperwork." But the record does not support the assertion that plaintiff requested a right to sue letter from the EEOC or that the EEOC issued such a letter, or any other "paperwork," to plaintiff (or, as plaintiff claims, to the previous defense counsel), and plaintiff has not provided the court with the right to sue letter.

Plaintiff also contends that "[t]his matter was discussed multiple times in open court with the previous ASA representing Defendant," but fails to point to any particular court date. To the court's recollection, plaintiff's assertion is not entirely accurate. At the November 23, 2010, hearing on defendant's motion to dismiss for failure to exhaust administrative remedies, plaintiff's counsel asserted that "[w]e requested the right to sue letter and they refused to give it to us or they haven't given it to us." In reliance on that representation, defendant withdrew its motion to dismiss. But plaintiff's counsel did not state that they had properly filed a charge with the EEOC. The failure to do so might have explained the EEOC's failure to issue a right to sue letter.

Thus, for the foregoing reasons, the case is dismissed for lack of subject matter jurisdiction.[1]

ENTER:    **August 14, 2012**

_____
**Robert W. Gettleman**
**United States District Judge**

_____

[1] Because the court has concluded that it lacks subject matter jurisdiction, it need not address the many additional grounds defendant raises in support of its motion for summary judgment.